Richard Thomas **ERNST** and Martha Stephens Ernst, Appellants,

v.

Rebecca Stephens **SHAW**; Elaine Stephens; and Ralph Montgomery Stephens, Appellees.

No. 89–CA–0087–MR.

Court of Appeals of Kentucky.

Jan. 26, 1990.

---

Danny T. Karem, Louisville, for appellants.

Eric L. Ison, Robin L. Uricchio, Greenebaum Doll & McDonald, Louisville, for appellees.

Before HOWERTON, C.J., and GUDGEL and MILLER, JJ.

MILLER, Judge.

Appellants bring this appeal from an order of the Jefferson Circuit Court dismissing their complaint and granting appellees relief on their counterclaim. We affirm.

The facts are these: On September 19, 1981, Ralph Stephens Sr. died testate. His will devised his residuary estate equally among his three children: Martha Stephens Ernst, Nancy Stephens, and Ralph Stephens Jr. The residuary estate constituted, *inter alia,* real property located at 1334 Castlewood Avenue, Louisville, Kentucky. Ralph Jr. filed a "Deed of Disclaimer" on November 17, 1981, disclaiming his interest in his father's estate pursuant to the Uniform Disclaimer of Transfers by Will, Intestacy, or Appointment Act. Kentucky Revised Statutes (KRS) 394.610-.670. Martha purchased Nancy's interest in the Castlewood realty. Later, she and her husband, Richard Thomas Ernst, sought to sell the property. Their title was brought into question. They filed suit to quiet title, naming appellees (Ralph Jr.'s three children) as defendants. The children counterclaimed that their father's Deed of Disclaimer did not release his interest to his two sisters, but on the contrary, his interest passed to them (the children) by virtue of KRS 394.630 and other relevant law. The trial court granted appellees summary judgment on their counterclaim, thus precipitating this appeal.

We are presented with the following issues: (1) the effect of Ralph Jr.'s disclaimer, and (2) if the property passed to the appellees, whether they timely asserted their claim to the one-third interest.

KRS 394.630 provides:

EFFECT OF DISCLAIMER.—Unless the decedent or donee of the power has otherwise provided, the property or interest disclaimed devolves as if the disclaimant had predeceased the decedent or, if the disclaimant is designated to take under a power of appointment exercised by a testamentary instrument, as if the disclaimant had predeceased the donee of the power. A future interest that takes effect in possession or enjoyment after the termination of the estate or interest disclaimed takes effect as if the disclaimant had predeceased the decedent or the donee of the power. A disclaimer relates back for all purposes to the date of the death of the decedent or the donee of the power.

KRS 394.400 (anti-lapse statute) provides:

ISSUE OF DEAD DEVISEE OR LEGATEE TAKE PARENTS' SHARE.—If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will.

It is clear from the foregoing statutes that Ralph Jr.'s disclaimer caused his one-third share to pass directly from his father to his (Ralph Jr.'s) three children. We do not interpret KRS 394.640(3) as depriving Ralph Jr.'s three children of their interest in the Castlewood property.[1] That section bars claims arising "through or under" the disclaiming party—for example, creditors or assignees. Appellees' claim does not so arise. Rather, their claim is under the will of their grandfather, having statutorily come into being by virtue of the Deed of Disclaimer executed by their father.

1. Kentucky Revised Statutes 394.640 provides, [t]he disclaimer or the written waiver of the right to disclaim is binding upon the disclaimant or person waiving and all persons claiming through or under him.

Appellants raise the question of limitation of actions as bar to appellees' counterclaim. We find their claim of limitations without merit. The appropriate statute is KRS 413.010 providing for a fifteen-year period of limitation.

Finally, appellants contend that the clear intention of Ralph Jr. in disclaiming his interest in his father's estate was in order to vest title in his two sisters. They ask us to remand for consideration for equitable relief concerning Ralph Jr.'s intent regarding execution of the Deed of Disclaimer. Their reply brief contains a letter under date of November 6, 1981, written by counsel for the estate and directed to Ralph Jr. The letter contains the following:

> Please be advised that I have been retained by Mrs. Martha S. Ernst to handle your father's estate.
>
> Mrs. Ernst informs me that you wish to disclaim any interest you may have in your father's estate, leaving the same to be divided equally between Mrs. Ernst and Mrs. Nancy S. Piera. If this information is correct, please sign the Deed of Disclaimer enclosed before a Notary Public and return the same to me at your earliest convenience in the self-addressed, stamped, envelope also enclosed.

From the letter, it appears that Ralph Jr.'s object in disclaiming his interest was to benefit his two sisters. If so, he was operating under mistake of law. Since the above letter was not a part of the record and the issue of equitable relief based on mistake of law was not raised below, we are unable to rule on the issue of remand. *See Heucker v. Clifton*, Ky., 500 S.W.2d 398 (1973).

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

All concur.